UNITED STATES DISTRICT COURT\
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

CHASE M. COURVILLE                          CIVIL ACTION NO. 3:16-CV-00684
    DOC#570355

VS.                                          SECTION P

                                             JUDGE ROBERT G. JAMES

WARDEN SMITH, ET AL.                         MAGISTRATE JUDGE HAYES

<u>REPORT AND RECOMMENDATION</u>

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* by *pro se* plaintiff Chase M. Courville on May 4, 2006.  Plaintiff is an inmate incarcerated at the David Wade Correctional Center (DWCC), Homer, Louisiana.  His complaints arise out of an incident that occurred while he was confined at the Tensas Parish Detention Center (TPDC).  Specifically, he alleges that the defendants failed to protect him from being attacked by other inmates and then subsequently failed to provide medical care.  He names Tensas Parish Detention Center (TPDC) Warden Smith, Assistant Warden Bass and Major Walker as his defendants, praying for $80,000.00 in compensatory damages and for medical treatment.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.  For the reasons stated herein, plaintiff's claim of failure to provide medical care, as well as any and all claims against Defendant Major Walker, should be DISMISSED with prejudice.[1]

---

[1]Plaintiff's claim of failure to protect are addressed in a separate Memorandum Order.

### *Statement of the Case*

According to his original complaint [Rec. Doc. 1] and Amended Complaint [Rec. Doc. 12], on June 6, 2015, at approximately 8:00 p.m., plaintiff, a resident of D-Dorm at the TPDC, was stabbed in the back.  He was escorted to medical by Lt. Sgt. Smith, cleaned, bandaged, escorted to A-Dorm Lock Down, and placed in protective custody in Cell #4.

On June 7, 2015, he was escorted to the Warden's office and questioned before Warden Smith, Assistant Warden Bass and Major Walker about inmate request forms received by the Warden raising concerns for plaintiff's safety.  Specifically, he was shown two request forms stating that inmates "were going to kill [him] if they could ever get their there (sic) hands on [him]." [Rec. Doc. 12, p.1]  He asked to be shipped to another facility and alleges that Warden Smith asked Major Walker to put him on the transfer list.  He was then escorted back to A-Dorm Lock Down Cell #4.

On June 17, 2015, at approximately 915 p.m., Lt. Sgt. Smith, Sgt. Davis, Sgt. Riley and Sgt. Washington came into A-Dorm to finish showers and let the inmates housed in all three (3) protective custody cells out for showers at the same time.  Once they saw the inmates were getting into the shower, they left them alone.  While plaintiff was getting ready to shower, he was attacked in his cell and later in the day room, by an inmate with a knife, "in plain sight of the guards in main control."  [Rec. Doc. 12, p. 1]  After hitting the window to get the guards' attention, he was brought to medical, where photographs were taken and an ambulance called.  He was transported to the Richland Hospital, where he was told his wounds were too serious to be treated; he was then transported to E.A. Conway and again told he had too much damage to be treated there.  He was finally transferred to, and treated at, LSU Shreveport.  Plaintiff has attached his medical records as an exhibit to the instant suit. [Rec. Doc. 10]

Plaintiff has since been transferred to David Wade Correctional Center, where he remains in custody.

### Law and Analysis

### 1. Initial Review

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983,  the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2).  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if  it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits  alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).  District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous.  *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Accepting all of plaintiff's allegations as true, the undesigned concludes, for the reasons stated hereinafter, that the plaintiff's claims for failure to provide medical care are frivolous and that plaintiff has failed to state a claim against Major Walker upon which relief may be granted.

## 2. Failure to Provide Medical Care

Plaintiff is an inmate in the custody of the LDOC. He complains that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to provide medical care after he was stabbed.

The constitutional right of a convicted prisoner to appropriate medical care is indeed based upon the Eighth Amendment's prohibition of cruel and unusual punishment.  In order to establish an actionable violation of the Eighth Amendment,  the prisoner plaintiff must allege facts tending to establish that the defendants were deliberately indifferent to his serious medical needs and safety. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001). A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that prison officials " 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' " *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citation

4

omitted).

Plaintiff has made no such showing. By his own admission, he was examined by a nurse immediately after the stabbing incident [Rec. Doc. 12, p.2]; thereafter he was transported to two (2) nearby hospitals.  *Id.*  Upon determination that these hospital were ill-equipped to handle his care, he was transferred to a third hospital where, by his own admission, he received treatment.  *Id.* at p. 3.  Accordingly, Plaintiff has failed to establish that the defendants, or any one else, were indifferent to his condition. His claim for failure to provide medical care should be dismissed.

### 3. *Claims against Major Walker*

In addition to the Warden and Assistant Warden of TPDC, Plaintiff names Major Walker as a defendant in the instant suit.  However, his name is only mentioned in the context of the meeting that took place in Warden Smith's office whereby Warden Smith asked Major Walker to put plaintiff on the transfer list.  This allegation alone does not state a claim upon which relief may be granted.

Plaintiff is an DOC inmate and therefore his placement is solely within the purview of the DOC.  Prisoners simply do not have a constitutionally derived liberty interest in being held in any particular institution. *See Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976); *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976);  *Adams v. Gunnell*, 729 F.2d 362, 368 (5th Cir. 1984);  *Oladipupo v. Austin,* 104 F.Supp.2d 643 (W.D.La. 2000). Clearly, plaintiff is not entitled to a transfer and, as this is the only allegation made against Major Walker, he should be dismissed.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's claim of failure to provide medical care, as well

as any and all claims against Defendant Major Walker, should be **DISMISSED WITH PREJUDICE**, as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 14th day of November, 2016.

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**