# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | | |
|---|---|---|
| **CHASE M. COURVILLE** | : | **CIVIL ACTION NO. 16-0684** <br> **SEC. P** |
| **VS.** | : | **JUDGE ROBERT G. JAMES** |
| **WARDEN SMITH, ET AL.** | : | **MAG. JUDGE KAREN L. HAYES** |

## <u>ORDER</u>

Before the court is a motion [doc. # 37] filed by plaintiff pro se Chase Courville to obtain an order requiring "Mark Hunter" to make copies of his exhibits for purposes of responding to defendants' pending motion for summary judgment [doc. # 32]. On May 4, 2017, the court noted that it was unable to assess the relevance of the undisclosed exhibits, and thus ordered plaintiff to supplement his motion by May 18, 2017, with a detailed description of each exhibit that he intended, but was unable to submit. (May 4, 2017, Order [doc. # 39]).

Plaintiff did not so comply. Instead, on May 12, 2017, plaintiff filed a document entitled "Motion for Tranvers" [sic], which he described as a response to defendants' answer to the complaint, as amended, and to defendants' motion for summary judgment. [doc. # 40]. Plaintiff also managed to attach fourteen pages of exhibits to this submission. *Id.*

Given plaintiff's failure to respond to the court order, together with his subsequent submission of exhibits in connection with his "Motion for Tranvers," the court necessarily concludes that plaintiff no longer wishes, or needs to proceed with his motion for copies. Regardless, he failed to establish the relevance of the undisclosed exhibits that necessitated his motion. Accordingly,

IT IS ORDERED that plaintiff's motion for copies [doc. # 37] is DENIED.[1]

IT IS FURTHER ORDERED that, consistent with the court's May 4, Order, plaintiff is accorded until **June 20, 2017**, in which to file a supplemental response to defendant's motion for summary judgment.[2]

In Chambers, at Monroe, Louisiana, this 7th day of June 2017.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

[1] As this motion is not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

[2] Courville is reminded that, "in the face of the defendant's properly supported motion for summary judgment, the plaintiff [can]not rest on his allegations . . . to get to [trial] without any significant probative evidence tending to support the complaint." *King v. Dogan*, 31 F.3d 344, 346 (5 Cir. 1994) (citations and internal quotation marks omitted). To survive defendants' motion for summary judgment regarding plaintiff's alleged failure to exhaust administrative remedies, plaintiff generally is required to controvert defendants' version of events with his own competent summary judgment evidence, e.g., an affidavit, or a declaration sworn under penalty of perjury, 28 U.S.C. § 1746.

Under § 1746, plaintiff may set forth his version of the facts in a declaration and then conclude the document with the following verification, "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)." 28 U.S.C. §1746.